IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KELDRIC THOMAS, | § | |
|     FED. I.D. NO. 30757-177, | § | |
| v. | § | C.A. NO. C-11-131 |
| | § | |
| DAN JOSLIN, ET AL. | § | |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On April 18, 2011, Plaintiff Keldric Thomas filed this civil rights action which contains Bivens[1] claims against individual federal officers and a Federal Tort Claims Act ("FTCA") claim against the United States. (D.E. 1). The United States now moves to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (D.E. 20). Plaintiff filed a response to the motion to dismiss on August 2, 2011. (D.E. 26). On August 25, 2011, the United States filed a reply in support of its motion to dismiss. (D.E. 28). For the reasons stated herein, the United States' motion to dismiss is granted and Plaintiff's claims are dismissed with prejudice.

## I. JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Upon the consent of Plaintiff and the United States, (D.E. 11, 22), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1993).

## II.  BACKGROUND

Plaintiff is a prisoner in the Federal Bureau of Prisons ("BOP"), and currently confined at the Federal Correctional Institution ("FCI") in Beaumont, Texas.  However, his complaint concerns events that occurred while he was at the FCI in Three Rivers, Texas.

Plaintiff filed this action on April 18, 2011, in the Houston Division of the United States District Court for the Southern District of Texas, naming the following defendants: (1) Dan Joslin, the Warden of FCI Three Rivers at the time of the alleged incident; (2) Greg Olsen, Food Service Administrator at FCI Three Rivers; (3) Officer Frida; (4) BOP Three Rivers; and (5) the Beaumont Medical Department.  On April 21, 2011, the Houston district judge transferred plaintiff's claims concerning the FCI Three Rivers defendants to this division, and his claims against the Beaumont Medical Department to the Beaumont Division of the Eastern District of Texas.  (D.E. 5).

A Spears[2] hearing was conducted on May 11, 2011.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

On May 2, 2009, plaintiff was working in food service at FCI Three Rivers.  Officer Frida ordered him to assist in changing the oil in the deep fryer.  The oil had just been used for cooking and was still extremely hot.  The process to change the oil involved emptying the large volume of oil in the deep fryer into smaller mixing bowls.  There were no rubber mats in front of, or next to, the deep fryer.

After filling one mixing bowl with hot oil, plaintiff went to get another mixing bowl. When he returned, he bumped the mixing bowl containing hot oil, causing it to spill on the floor,

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

which in turn caused him to slip on the floor and land in the hot, spilled oil. Plaintiff sustained second and third degree burns over forty percent of his body including, his left arm and hand, buttocks, lower back, and the back of his legs. Plaintiff was taken to a hospital emergency room following the incident.

On May 13, 2011, this Court retained Plaintiff's Bivens claims against Warden Joslin, Greg Olsen, and Officer Frida, as well as his FTCA claim against the United States.[3] (D.E. 9) Plaintiff seeks $30 million dollars in compensation. (D.E. 1, at 4).

### III. DISCUSSION

Defendant contends that the Plaintiff is not entitled to bring an FTCA claim because the Inmate Accident Compensation Act ("IACA") is the exclusive remedy for his work-related injuries. In the alternative, it also argues that the Plaintiff's FTCA claim is barred because the instant suit was not brought within six months of the BOP's administrative denial of his claims.

**A.    Standard Of Review For Rule 12(b)(1) Motions.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of an action where there is no case or controversy presented such that the court lacks subject matter jurisdiction. Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 350-51 (5th Cir. 1989). A Rule 12(b)(1) motion may be decided on "the complaint alone," "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted). The burden of proof for a Rule 12(b)(1) motion to

---

[3] During the Spears hearing, Plaintiff testified that, in naming the BOP Three Rivers, he intended to sue the United States. Accordingly, the United States was substituted in place of BOP Three Rivers for the FTCA claim.

dismiss is on the party asserting subject matter jurisdiction. Saint Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted).

**B.      This Court Lacks Jurisdiction Over Plaintiff's FTCA Claim.**

Pursuant to the FTCA, the United States waives its sovereign immunity "for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994); see also 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). It permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b); 2674).

**1.      Plaintiff cannot bring an FTCA claim for injuries suffered in custody.**

Plaintiff seeks to recover damages for injuries that he sustained while working for the prison's food service. (D.E. 1, at 3-4). Specifically, he argues that his injuries were a result of the BOP's failure to provide safety training and protective equipment for its employees. Additionally, he alleges that the BOP allowed its employees to order him to perform a dangerous job without taking sufficient precautions.

The FTCA's waiver of immunity for tort claims, however, does not apply when a plaintiff is already covered by a comprehensive federal compensation statute. United States v. Demko, 385 U.S. 149, 152 (1966) ("Where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group"). The Supreme Court recognized the IACA, 18 U.S.C. § 4126, which provides compensation benefits to prisoners who are injured in the course of their employment, as one

4

such comprehensive federal compensation statute.  Demko, 285 U.S. at 152-53; see also Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. Unit B Sept. 1980) (per curiam) (injuries sustained by federal inmates while working are not covered by the FTCA).  Prisoners covered by the IACA are precluded from bringing a claim through the FTCA.  Demko, 385 U.S. at 153-54.  Consequently, the Court is deprived of jurisdiction over any FTCA claim.  United States v. Cole, 376 F.2d 848, 849 (1967) (per curiam) (citing Demko, 385 U.S. 149).

As a prisoner who has sustained "injuries suffered in ... any work activity in connection with the maintenance or operation of the institution in which the inmates are confined," Plaintiff enjoys the protection of the IACA.  18 U.S.C. § 4126(c)(4).  Because the IACA is the exclusive remedy for a prisoner's work-related injuries, the FTCA does not apply and the Court lacks jurisdiction over this claim.[4]  Cole, 376 F.2d at 849.

    **2.**    **Plaintiff's failure to timely commence the FTCA action bars the claim.**

The FTCA also provides that "[a] tort claim against the United States shall be forever barred ... unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  This statute of limitations acts as a jurisdictional bar.  Flory v. United States, 138 F.3d 157, 159 (5th Cir. 1998) (citations omitted).

It is undisputed that the Plaintiff filed a "Claim For Damage, Injury, Or Death" on June 12, 2010.  (D.E. 26-2, at 2).  The parties also agree that on August 24, 2010, the BOP denied Plaintiff's claims and mailed the rejection letter either that day, or the day after.  Id.  As a result,

---

[4] Any claims by Plaintiff pursuant to the IACA should be made only after he has properly exhausted his administrative remedies.  Thompson v. Joslin, 536 F. Supp. 2d 799, 803 (S.D. Tex. 2008).

he had to institute an action by February 24, 2010. This action was filed by the Plaintiff on April 18, 2011, which falls well outside the prescribed six-month window. (D.E. 1, at 1).

In his response, the Plaintiff contends that his initial June 12, 2010 claim was not properly completed. (D.E. 26-2, at 3); compare (D.E. 26-3, at 2) with (D.E. 26-4, at 3). He asserts the "normal practice" of the BOP in these circumstances would be to allow him an opportunity to refile a correct and completed claim. (D.E. 26-2, at 3-4). Because his initial claim was incomplete, he argues that the BOP's August 24, 2010 denial should not be considered the "final denial of the claim" within the meaning of the FTCA. 28 U.S.C. § 2401(b). Instead, he urges that the corrected claim filed on November 26, 2010 be regarded as the initial claim, and he appears to argue that the BOP's December 20, 2010 response be regarded as the "final denial" that triggers the FTCA's statutory time limitation. (D.E. 26-2, at 3-4).

Plaintiff's contentions are not persuasive. The BOP had adequate grounds from the information given in the initial claim to deny Plaintiff recovery for his work-related injuries. Furthermore, nothing in the FTCA provides litigants with the opportunity to refile their claims after a "final denial" based on the failure to include ancillary information. Nor does the FTCA contemplate allowing litigants to toll the statute of limitations by omitting information and refiling another completed claim. Therefore, even by the terms of the FTCA, Plaintiff fails to demonstrate that this Court possesses subject matter jurisdiction over his claim.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss, (D.E. 20), is granted, and the Plaintiff's FTCA claim is dismissed for lack of subject matter jurisdiction and for failure to state a claim.

ORDERED this 31st day of August 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE