IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KELDRIC THOMAS, | § | |
|     FED. I.D. NO. 30757-177, | § | |
| v. | § | C.A. NO. C-11-131 |
| | § | |
| DAN JOSLIN, ET AL. | § | |

**OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this civil action, federal prisoner Keldric Thomas claims that defendants violated his constitutional rights by failing to provide a safe work environment or outline proper procedures for changing the oil in a deep fryer, ultimately resulting in plaintiff sustaining severe injuries, including second and third degree burns. Pending is defendants' motion for summary judgment to dismiss plaintiff's lawsuit for failure to exhaust the administrative remedies provided by the Bureau of Prisons ("BOP"). (D.E. 34). Plaintiff has filed a response in opposition. (D.E. 35, 36). Defendants have filed a reply brief. (D.E. 38). For the reasons stated herein, defendants' motion for summary judgment to dismiss plaintiff's claims for failure to exhaust administrative remedies is granted.

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Upon the consent of plaintiff and defendants, (D.E. 11, 22, 39), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution ("FCI") in Beaumont, Texas. He filed this Bivens[1] action on April 18, 2011, in the Houston Division of the Southern District of Texas, alleging, *inter alia,* that certain BOP officers and officials at the FCI in Three Rivers, Texas, were deliberately indifferent to his health and safety because, as part of his job in the prison kitchen, he was required to change the oil in the kitchen's deep fryer when it was still hot, and by a dangerous transfer method. (D.E. 1). Plaintiff also complained of post-injury medical care that he received at FCI-Beaumont. He named as defendants: (1) Warden Dan Joslin; (2) Greg Olsen, Food Service Administrator; (3) Officer Baron Fridia; (4) BOP Three Rivers; and (5) Beaumont Medical Department. Id.

On April 21, 2011, plaintiff's claims concerning the injuries he sustained while working at FCI-Three Rivers were transferred from the Houston Division to this Court's Corpus Christi Division. (D.E. 5). His claims against the Beaumont Medical Department were transferred to the Eastern District of Texas. Id.

During a May 11, 2011 Spears[2] hearing, plaintiff clarified that he was suing the individual defendants in their individual capacities for violations of his constitutional rights, and that he was suing the United States pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2674 et. seq. (D.E. 9, 13). Service was ordered on the individual defendants and the United States. (D.E. 10).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1993).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On July 22, 2011, the United States filed a motion to dismiss for lack of subject matter jurisdiction arguing that plaintiff's exclusive remedy to receive compensation for a work-related injury is the Inmate Accident Compensation Act and, in addition, that plaintiff's claim against the United States was untimely because he did not commence this action within six months after the denial of his administrative claim. (D.E. 20). On August 31, 2011, the motion to dismiss by the United States was granted, and it was dismissed as a defendant from this lawsuit. Thomas v. Joslin, No. C-11-131, 2011 WL 3875340 (S.D. Tex. Aug. 31, 2011) (unpublished).

On September 23, 2011, the individual defendants, Warden Joslin, Administrator Olsen, and Officer Fridia, filed the instant motion for summary judgment to dismiss plaintiff's claims against them for failure to exhaust the BOP administrative remedies. (D.E. 34). On October 7, 2011, plaintiff filed a response in opposition. (D.E. 35, 36). On December 23, 2011, defendants filed a reply brief. (D.E. 38).

### III.  SUMMARY JUDGMENT EVIDENCE

In support of their motion for summary judgment to dismiss plaintiff's action because he failed to exhaust administrative remedies, defendants offer the declaration with attached exhibits of Teresa Todd, a BOP Administrative Assistant, who has access to the BOP's administrative remedy records of federal inmates. (D.E. 34-1).

In support of plaintiff's response in opposition to the summary judgment motion, he offers the following:

- Ex. A: Documentation of Informal Resolution Attempt, submitted on October 21, 2010, in which plaintiff requests an extension of time to submit his BP-9;

- Ex. B: Documentation of Informal Resolution Attempt, dated November 22, 2010, in which plaintiff complains that he is not receiving the proper medical care in regards to the burns he sustained at FCI-Three Rivers;

   Ex. C: Plaintiff's BP-9, dated December 7, 2010, in which plaintiff complains that he is not receiving adequate medical attention at FCI-Beaumont (Low Security);

   Ex. D: Letter dated January 24, 2011 from plaintiff to BOP Regional Director in which plaintiff states this letter is his attempt to exhaust his administrative remedies and is to be construed as his BP-10; and

   Ex. E: Rejection Notice dated February 11, 2011, from BOP Regional Office, rejecting the BP-10 filing.

(D.E. 35). In addition, plaintiff has submitted a declaration under penalty of perjury testifying as to his attempts to exhaust his BOP remedies. (D.E. 36).

  The summary judgment evidence establishes the following:

  On May 2, 2009, plaintiff was "severely burned" at FCI-Three Rivers "after being ordered to perform an unsafe work detail by the BOP kitchen official." (D.E. 36) (Thomas Decl. at ¶ 2). That same day, plaintiff was flown to the Brooke Army Medical Center outside of San Antonio, Texas, where he remained "in critical and intensive care for the next thirty (30) days." Id. at ¶ 3.

  On June 3, 2009, plaintiff was medically air-lifted to a Federal Medical Center ("FMC") in Rochester, Minnesota. Id. at ¶ 4. He remained at FMC-Rochester for the next nine months where he underwent "intensive rehabilitation." Id. On April 21, 2010, plaintiff was returned to FCI-Three Rivers. Id. at ¶ 3. On July 1, 2010, he was transferred off FCI-Three Rivers and on July 12, 2010, he arrived at FCI-Beaumont (Low). Id.

  On October 21, 2010, plaintiff filed a Documentation of Informal Resolution Attempt in which he requested an extension of time to file his BP-9. (D.E. 35, Ex. A). He explained that an extension of time was needed because: "I suffered burns over 40% of my body and I was unable to file a grievance because of my injuries and at an outside hospital during the time to submit a

grievance." Id. He wrote that his efforts to resolve the grievance informally consisted of submitting a "cop-out" to Counselor Mellow. Id. There are no comments from the counselor on this form, nor are there any indications that it was reviewed by any prison official. Id.

On November 22, 2010, plaintiff filed a second Documentation of Informal Resolution Attempt in which he complained that he was not getting proper medical attention at FCI-Beaumont concerning the injuries he had sustained while working in the kitchen at FCI-Three Rivers. (D.E. 35, Ex. B). Again, there are no comments from the counselor on this form, nor are there any indications that it was reviewed by any prison official. Id.

On December 7, 2010, plaintiff submitted a BP-9 Request for Administrative Remedy. (D.E. 35, Ex. C). He related that he had previously submitted a complaint on November 22, 2010, complaining about the medical treatment he was receiving at FCI-Beaumont, and also, that he had talked to his counselor, his case manager, and "medical." Id. There is no response noted on the BP-9 form. Id.

On January 24, 2011, plaintiff filed a BP-10 with the BOP Regional Director indicating that he was "experiencing difficulty with the BOP at FCI-Low Beaumont in getting them to respond to any of my remedies." (D.E. 35, Ex. D). He also wrote that "The Bureau of prisons and the medical department are ignoring my serious medical needs." Id.

On February 11, 2011, the Regional Office rejected plaintiff's BP-10 appeal complaining of inadequate medical care because plaintiff had failed to provide a copy of the BP-9 request and response. (D.E. 35, Ex. E). The BOP official with the Regional Office related that, according to its records, plaintiff had not filed a BP-9 with his institution. Id. Plaintiff was advised that he

first needed to file a BP-9 with the warden at FCI-Beaumont and receive his response before a BP-10 appeal would be considered. Id.

## IV. DISCUSSION

**A.     The Standard Of Review For Summary Judgment Motions.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude

summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Inmates Are Required To Exhaust All Available Administrative Remedies Prior To Filing Federal Court Actions.**

In the Prison Litigation Reform Act, Congress mandated that inmates must exhaust their administrative remedies prior to filing civil rights actions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002); accord Irby v. Nueces County Sheriff, 790 F. Supp. 2d 552, 557 (S.D. Tex. 2011) (citations omitted). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); accord Irby, 790 F. Supp. 2d at 557 (citations omitted). The Supreme Court has clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006); accord Irby, 790 F. Supp. 2d at 557 (citing Woodford). However, an inmate's failure to exhaust is an affirmative defense that must

be raised by the defendants. See Jones v. Bock, 549 U.S. 199, 216 (2007); accord Irby, 790 F. Supp. 2d at 557 (citing Jones v. Bock).

The BOP uses a three-tiered administrative remedy process by which prisoners can seek review of any aspect of incarceration. See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally to a staff member at the facility where he is housed. See 28 C.F.R. § 542.13(a). If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14(a). If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

According to the BOP records, plaintiff has been incarcerated in the BOP at the following locations:

From May 1, 2008, through June 3, 2009, at FCI-Three Rivers;[3]

From June 3, 2009, through March 24, 2010, at FMC-Rochester;

From April 21, 2010, through July 1, 2010, at FCI-Three Rivers; and

From July 12, 2010 to present, at FCI-Beaumont (Low Security).

---

[3] Ms. Todd incorrectly states that plaintiff was at FCI-Bastrop during this time; however, defendants have previously agreed that plaintiff was in fact at FCI-Three Rivers at the time of his May 2, 2009 accident with the hot oil.

8

(D.E. 34) (Todd Decl. at ¶ 3).

The BOP's computerized administrative remedy records indicate that, on two occasions, plaintiff has submitted filings pursuant to the BOP's administrative remedy system. Id. at ¶ 4. The first filing was received by the South Central Regional Office on January 31, 2011. Id. at ¶ 4(a)(i). Ms. Todd admits that she incorrectly entered the date of receiving this filing as February 3, 2011; however, because the system did not allow her to correct the date, she had to void the entry. Id. Attachments A and B to her declaration reflect that the filing, indexed as 625871-R1, was voided. Id.

Thereafter, Ms. Todd then reentered the January 31, 2011 filing with the correct date, and indexed it as 625871-R2. (D.E. 34) (Todd Decl. at ¶ 4(a)(ii) & Attach. A). However, this filing was rejected because plaintiff failed to attach a copy of the BP-9. Id. A notice of rejection was sent informing him that he must file a BP-9 at his institution. Id.

Plaintiff's second filing was received at the office of the Warden of FCI-Beaumont (Low) on March 22, 2011, and was indexed as 631634-F1. (D.E. 34) (Todd Decl. at ¶ 4(b)). This second filing concerned a request for pain medication. (D.E. 34) (Todd Decl., Attach. A). Ms. Todd does not testify as to how prison officials responded to plaintiff's March 22, 2011 filing.

Thus, the documented evidence establishes that plaintiff's January 31, 2011 filing, indexed as 625871-R2, was rejected because there was no evidence that plaintiff had first filed, and received a response to, a BP-9 request. There is no evidence that plaintiff pursued request 625871-R2 by filing a BP-11 with the general counsel. As to plaintiff's March 22, 2011 filing, indexed as 631634-F1, there is no documentation that plaintiff pursued this BP-9 request through

9

BP-10 and BP-11. Thus, based on the BOP's administrative records, plaintiff has not exhausted his administrative remedies.

Although defendants clearly establish that plaintiff has failed to exhaust his administrative remedies, plaintiff claims that the BOP prevented him from exhausting his claims by refusing to respond to his informal requests or his requests for extensions of time, such that exhaustion should be excused. (D.E. 35 at ¶¶ 1, 7-14).

The Fifth Circuit has recognized that the exhaustion requirement may, in rare circumstances, be excused where dismissal would be inefficient or would not further the purposes of the PLRA. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (per curiam), overruled by implication on other grounds by Bock, 549 U.S. at 213 (citing McCarthy v. Madigan, 503 U.S. 140, 146-49 (1992)). For example, exhaustion may be excused where irregularities in the prison administrative system itself prohibited the plaintiff from doing so. Id.; accord Shah, 901 F.2d at 1244. An administrative remedy is not available where prison officials ignore or interfere with the prisoner's pursuit of relief. Underwood, 151 F.3d at 296; accord Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982).

There is no dispute that plaintiff suffered serious injuries on May 2, 2009. Indeed, his injuries were so serious that he was air-lifted from FCI-Three Rivers to Brooke Army Medical Center, where he remained a month, and then taken to FMC-Rochester, where he stayed for nine months of rehabilitation. (D.E. 36) (Thomas Decl. at ¶¶ 3, 4). There is little question that plaintiff would have been entitled to tolling of the administrative deadlines while he was too injured to complete the paperwork. See, e.g., Days v. Johnson, 322 F.3d 863, 867-68 (5th Cir. 2003) (per curiam) (finding administrative process unavailable when prisoner's injury prevented

him from filing a grievance timely), overruled by implication on other grounds, Jones, 549 U.S. at 216.

In his summary judgment response and declaration, plaintiff testifies that, beginning in August 2010, shortly after arriving at FCI-Beaumont, he requested an extension of time from his counselor, Mr. Mellow, to file his administrative remedy. (D.E. 34, at ¶ 7). He waited "several weeks," while continuing to ask Mr. Mellow for an extension, but never received a response, prompting him to file on October 21, 2010 an informal resolution attempt with his case manager, Mr. Thomas. Id. Plaintiff still did not receive an answer, and on November 22, 2010, he asked Mr. Mellow about his October 21, 2010 filing. Id. at ¶ 8. Mr. Mellow responded that "he did not know what happened to it," and advised plaintiff to file another informal resolution. Id. Plaintiff immediately submitted a second informal request on November 22, 2010. Id. at ¶ 8 & Ex. B. He claims that, after still not receiving a response from his counselor or case manager, he submitted a BP-9 to the warden on December 7, 2010. Id. at ¶ 9 & Ex. C. He did not receive a response from the warden. Id. Plaintiff then filed a BP-10 appeal with the Regional Office and specifically complained that he had been unable to get a response from anyone at the unit level. Id. at ¶ 10 & Ex. D. His BP-10 was denied for failing to attach a copy of his BP-9 and the warden's response, which he had explained, he never received. Id. at ¶ 11 & Ex. E. Plaintiff claims that he also submitted "several other attempts" at the institutional level, but was told by his unit team that the incident did not occur at FCI-Beaumont, and therefore, there was little the staff could do for him. Id. at ¶ 12.

Plaintiff's sworn pleadings are summary judgment evidence because they meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, see Isquith v. Middle South

Utilities, Inc., 847 F.2d 186, 194-95 (5th Cir. 1988), and his pleadings establish that a fact issue exists as to whether or not prison officials impeded his attempts to exhaust his administrative remedies.  Moreover, defendants have failed to offer any evidence to rebut plaintiff's allegations that the FCI-Beaumont staff failed to respond to his requests for extensions of time or to otherwise address his grievances at the institutional level.  They could have provided affidavits or declarations by Mr. Mellow or Mr. Thomas to address plaintiff's allegations, but did not.  Thus, a fact issue exists as to whether plaintiff attempted to exhaust his administrative remedies but was hindered from doing so by the BOP, such that exhaustion should be excused.

However, a disputed issue of fact regarding plaintiff's attempts to exhaust his administrative remedies does end the analysis.  It is well-established that grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit.  See Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004).  In his complaint and at a May 11, 2011 evidentiary hearing, plaintiff asserted constitutional claims against the three individual defendants:

> Plaintiff is suing Warden Joslin and Greg Olsen because each of these defendants knew of the unsafe working conditions in the kitchen, but they failed to remedy the problems.  He testified that he repeatedly talked to Warden Joslin about unsafe conditions in the kitchen, including a sink that leaked water in front of the deep fryer, and that Warden Joslin often visited the kitchen and could observe the unsafe conditions, but he only offered to talk to Greg Olsen.  Moreover, Mr. Olsen's office faced the kitchen, and as such, he was able to observe daily the unsafe environment, in addition to receiving complaints from the inmates, but he did nothing to fix the problems.  In fact, plaintiff spoke directly to Mr. Olsen about providing rubber mats in front of the deep fryer, but no mats were ever obtained.  Instead, Mr. Olsen would often respond that he had contacted maintenance about the problems, but the conditions were not fixed.  Finally, plaintiff claims that Officer Frida was deliberately indifferent to his safety because he ordered

>    him to change the deep fryer oil despite knowing that the oil was
>    still hot as they had just finished cooking, there were no mats
>    around the fryer to prevent slipping, and the request to use smaller
>    mixing bowls was inherently dangerous.

(D.E. 13, at 3-4).

There is no evidence in the BOP's administrative record provided that plaintiff ever filed a grievance identifying the defendants in this lawsuit or alleging that the working conditions or procedures at FCI-Three Rivers violated his constitutional rights. For example, in his November 22, 2010 attempt at an informal resolution, he wrote "<u>I am complaining because I am not getting the adequate or proper medical care</u> in regards to burns I sustained last year at the Three Rivers prison while working in the kitchen. I have extensive scarring, which has left me deformed and disfigured which causes me to suffer pain and anguish." (D.E. 35, Ex. B) (emphasis added). Next, in a BP-9 dated December 7, 2010, he reiterated his complaint with additional emphasis regarding the fact that it concerned his medical care:

>    On November 22, 2010, <u>I submitted a complaint because I am not
>    getting adequate or proper medical care</u> in regards to burns I
>    sustained at the Three Rivers prison while working in the kitchen.
>    As a result of the burn injuries which has left me scarred and
>    disfigured, <u>I am suffering mentally and physically because of not
>    being adequately treated medically</u>. The Bureau of Prisons and the
>    medical department are ignoring my serious medical needs.

(D.E. 35, Ex. C) (emphases added). In a BP-10 dated January 24, 2011 filed with the Regional Office, plaintiff again complains about his medical care:

>    I am appealing to the Regional Office because the BOP has refused
>    to reply to any of my previous requests (complaints). On
>    November 22, 2010, I submitted a B-P 8 to counselor Mellow,
>    <u>about not getting the adequate medical care</u>.... <u>My complaint is
>    that I am being denied reasonable and adequate medical care</u> in
>    regards to the serious burns over 40% of my body as a result of an
>    unsafe work place in the BOP.

13

> The medical department or the BOP are doing nothing to alleviate or provide me with proper and reasonable medical attention to stop me from suffering the pain and anguish I'm dealing with from the injuries I sustained of the BOP's negligence.

(D.E. 35, Ex. D) (emphases added).

It is apparent that, as to the grievances plaintiff did file, he complained only of the medical care that he was receiving at FCI-Beaumont. Consequently, even if he was prevented from filing timely administrative remedies such that his exhaustion requirements should be waived, his grievances do not place prison officials on notice about his complaints at FCI-Three Rivers. See Johnson, 385 F.3d at 516-17.

## V. CONCLUSION

Plaintiff has failed to establish that there is a genuine issue of a material fact that he should be excused from exhausting his administrative remedies concerning the claims raised against the three individual defendants. Accordingly, defendants' motion for summary judgment to dismiss this action for failure to exhaust, (D.E. 34), is granted and plaintiff's action is dismissed.

ORDERED this 3rd day of January 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE