IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KELDRIC THOMAS, | § | |
|     FED. I.D. NO. 30757-177, | § | |
| v. | § | C.A. NO. C-11-131 |
| | § | |
| DAN JOSLIN, ET AL. | § | |

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

In this Bivens[1] action, federal prisoner Keldric Thomas claims that defendants violated his constitutional rights by failing to provide a safe work environment or outline proper procedures for changing the oil in a deep fryer, ultimately resulting in plaintiff sustaining severe injuries, including second and third degree burns. Pending is plaintiff's motion to recall order granting defendants' motion for summary judgment, (D.E. 43), which is construed as a motion for reconsideration. For the reasons stated herein, plaintiff's motion for reconsideration is denied.

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Upon the consent of plaintiff and defendants, (D.E. 11, 22, 39), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1993).

## II. BACKGROUND

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution ("FCI") in Beaumont, Texas. He filed this action on April 18, 2011, in the Houston Division of the Southern District of Texas, alleging, *inter alia,* that certain BOP officers and officials at the FCI in Three Rivers, Texas, were deliberately indifferent to his health and safety because, as part of his job in the prison kitchen, he was required to change the oil in the kitchen's deep fryer when it was still hot, and by a dangerous transfer method. (D.E. 1). Plaintiff also complained of post-injury medical care that he received at FCI-Beaumont. He named as defendants: (1) Warden Dan Joslin; (2) Greg Olsen, Food Service Administrator; (3) Officer Baron Fridia; (4) BOP Three Rivers; and (5) Beaumont Medical Department. Id.

On April 21, 2011, plaintiff's claims concerning the injuries he sustained while working at FCI-Three Rivers were transferred from the Houston Division to this Court's Corpus Christi Division. (D.E. 5). His claims against the Beaumont Medical Department were transferred to the Eastern District of Texas. Id.

During a May 11, 2011 Spears[2] hearing, plaintiff clarified that he was suing the individual defendants in their individual capacities for violations of his constitutional rights, and that he was suing the United States pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2674 et. seq. (D.E. 9, 13). Service was ordered on the individual defendants and the United States. (D.E. 10).

On July 22, 2011, the United States filed a motion to dismiss for lack of subject matter jurisdiction arguing that plaintiff's exclusive remedy to receive compensation for a work-related

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

injury is the Inmate Accident Compensation Act and, in addition, that plaintiff's claim against the United States was untimely because he did not commence this action within six months after the denial of his administrative claim. (D.E. 20). On August 31, 2011, the motion to dismiss by the United States was granted, and it was dismissed as a defendant from this lawsuit. Thomas v. Joslin, No. C-11-131, 2011 WL 3875340 (S.D. Tex. Aug. 31, 2011) (unpublished).

On September 23, 2011, the individual defendants, Warden Joslin, Administrator Olsen, and Officer Fridia, filed the instant motion for summary judgment to dismiss plaintiff's claims against them for failure to exhaust the BOP administrative remedies. (D.E. 34). On October 7, 2011, plaintiff filed a response in opposition. (D.E. 35, 36). On December 23, 2011, defendants filed a reply brief. (D.E. 38). On January 3, 2012, defendants' motion for summary judgment for failure to exhaust was granted. (D.E. 41).

### III. SUMMARY JUDGMENT EVIDENCE

On May 2, 2009, plaintiff was "severely burned" at FCI-Three Rivers "after being ordered to perform an unsafe work detail by the BOP kitchen official." (D.E. 36) (Thomas Decl. at ¶ 2). That same day, plaintiff was flown to the Brooke Army Medical Center outside of San Antonio, Texas, where he remained "in critical and intensive care for the next thirty (30) days." Id. at ¶ 3.

On June 3, 2009, plaintiff was medically air-lifted to a Federal Medical Center ("FMC") in Rochester, Minnesota. Id. at ¶ 4. He remained in Rochester for the next nine months where he underwent "intensive rehabilitation." Id. On April 21, 2010, plaintiff was returned to FCI-Three Rivers. Id. at ¶ 3. On July 1, 2010, he was transferred off FCI-Three Rivers and on July 12, 2010, he arrived at FCI-Beaumont (Low). Id.

3

Plaintiff testifies that, beginning in August 2010, shortly after arriving at FCI-Beaumont, he requested an extension of time from his counselor, Mr. Mellow, to file his administrative remedy. (D.E. 35, at ¶ 7). He waited "several weeks," while continuing to ask Mr. Mellow for an extension, but never received a response, prompting him to file on October 21, 2010 an informal resolution attempt with his case manager, Mr. Thomas. Id. Plaintiff still did not receive an answer, and on November 22, 2010, he asked Mr. Mellow about his October 21, 2010 filing. Id. at ¶ 8. Mr. Mellow responded that "he did not know what happened to it," and advised plaintiff to file another informal resolution. Id. Plaintiff immediately submitted a second informal request on November 22, 2010. Id. at ¶ 8 & Ex. B. He claims that, after still not receiving a response from his counselor or case manager, he submitted a BP-9 to the warden on December 7, 2010. Id. at ¶ 9 & Ex. C. He did not receive a response from the warden. Id. Plaintiff then filed a BP-10 appeal with the Regional Office and specifically complained that he had been unable to get a response from anyone at the unit level. Id. at ¶ 10 & Ex. D. His BP-10 was denied for failing to attach a copy of his BP-9 and the warden's response, which he had explained, he never received. Id. at ¶ 11 & Ex. E. Plaintiff claims that he also submitted "several other attempts" at the institutional level, but was told by his unit team that the incident did not occur at FCI-Beaumont, and therefore, there was little the staff could do for him. Id. at ¶ 12.

On October 21, 2010, plaintiff filed a Documentation of Informal Resolution Attempt in which he requested an extension of time to file his BP-9. (D.E. 35, Ex. A). He explained that an extension of time was needed because: "I suffered burns over 40% of my body and I was unable to file a grievance because of my injuries and at an outside hospital during the time to submit a

grievance." Id. He wrote that his efforts to resolve the grievance informally consisted of submitting a "cop-out" to Counselor Mellow. Id. There are no comments from the counselor on this form, nor are there any indications that it was reviewed by any prison official. Id.

On November 22, 2010, plaintiff filed a second Documentation of Informal Resolution Attempt in which he complained that he was not getting proper medical attention at FCI-Beaumont concerning the injuries he had sustained while working in the kitchen at FCI-Three Rivers. (D.E. 35, Ex. B). Again, there are no comments from the counselor on this form, nor are there any indications that it was reviewed by any prison official. Id.

On December 7, 2010, plaintiff submitted a BP-9 Request for Administrative Remedy. (D.E. 35, Ex. C). He related that he had previously submitted a complaint on November 22, 2010, complaining about the medical treatment he was receiving at FCI-Beaumont, and also, that he had talked to his counselor, his case manager, and "medical." Id. There is no response noted on the BP-9 form. Id.

On January 24, 2011, plaintiff filed a BP-10 with the BOP Regional Director indicating that he was "experiencing difficulty with the BOP at FCI-Low Beaumont in getting them to respond to any of my remedies." (D.E. 35, Ex. D). He also wrote that "The Bureau of prisons and the medical department are ignoring my serious medical needs." Id.

On February 11, 2011, the Regional Office rejected plaintiff's BP-10 appeal complaining of inadequate medical care because plaintiff had failed to provide a copy of the BP-9 request and response. (D.E. 35, Ex. E). The BOP official with the Regional Office related that, according to its records, plaintiff had not filed a BP-9 with his institution. Id. Plaintiff was advised that he

first needed to file a BP-9 with the warden at FCI-Beaumont and receive his response before a BP-10 appeal would be considered. Id.

The BOP's computerized administrative remedy records indicate that, on two occasions, plaintiff has submitted filings pursuant to the BOP's administrative remedy system. Id. at ¶ 4. The first filing was received by the South Central Regional Office on January 31, 2011. Id. at ¶ 4(a)(I). Ms. Todd admits that she incorrectly entered the date of receiving this filing as February 3, 2011; however, because the system did not allow her to correct the date, she had to void that entry indexed as 625871-R1. Id.

Thereafter, Ms. Todd then reentered the January 31, 2011 filing with the correct date, and indexed it as 625871-R2. (D.E. 34) (Todd Decl. at ¶ 4(a)(ii) & Attach. A). This filing was rejected because plaintiff failed to attach a copy of the BP-9. Id. A notice of rejection was sent informing him that he must file a BP-9 at his institution. Id. There is no evidence that plaintiff pursued request 625871-R2 by filing a BP-11 with the general counsel.

Plaintiff's second filing was received at the office of the Warden of FCI-Beaumont (Low) on March 22, 2011, and was indexed as 631634-F1. (D.E. 34) (Todd Decl. at ¶ 4(b)). This second filing concerned a request for pain medication. (D.E. 34) (Todd Decl., Attach. A). Ms. Todd does not testify as to how prison officials responded to plaintiff's March 22, 2011 filing. There is no record of plaintiff following this BP-9 request with a BP-10 or BP-11.

## IV. DISCUSSION

**A.  Plaintiff's Motion Is Timely.**

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motions for injunctive relief were dismissed on January 3, 2012. His motion for reconsideration was filed on January 17, 2012 and thus was timely filed.

**B.  Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.  Plaintiff Fails To Provide A Basis For Reconsidering The Dismissal Of His Claims For Failure To Exhaust His Administrative Remedies.**

In the Prison Litigation Reform Act, Congress mandated that inmates must exhaust their administrative remedies prior to filing civil rights actions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

7

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002); accord Irby v. Nueces County Sheriff, 790 F. Supp. 2d 552, 557 (S.D. Tex. 2011) (citations omitted). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); accord Irby, 790 F. Supp. 2d at 557 (citations omitted). The Supreme Court has clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006); accord Irby, 790 F. Supp. 2d at 557 (citing Woodford).

Plaintiff does not assert nor does he provide any evidence that he timely exhausted his administrative remedies. Instead, he seeks reconsideration "because the BOP officials were put on notice about his complaints. This is so, because why else would the FCI-Beaumont staff tell Plaintiff 'there was little the staff could do for him' since 'the incident did not occur at FCI-Beaumont.'" (D.E. 43, at 3) (emphasis in original). He also argues "that even if he had been able to obtain an extension from the BOP officials where he could have properly submitted his grievance, the BOP still ignored and interfered with Plaintiff's pursuit of administrative relief." Id. at 4.

It is well-established that grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. See Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004). In the

complaint and at a May 11, 2011 evidentiary hearing, plaintiff asserted constitutional claims against the three individual defendants:

> Plaintiff is suing Warden Joslin and Greg Olsen because each of these defendants knew of the unsafe working conditions in the kitchen, but they failed to remedy the problems. He testified that he repeatedly talked to Warden Joslin about unsafe conditions in the kitchen, including a sink that leaked water in front of the deep fryer, and that Warden Joslin often visited the kitchen and could observe the unsafe conditions, but he only offered to talk to Greg Olsen. Moreover, Mr. Olsen's office faced the kitchen, and as such, he was able to observe daily the unsafe environment, in addition to receiving complaints from the inmates, but he did nothing to fix the problems. In fact, plaintiff spoke directly to Mr. Olsen about providing rubber mats in front of the deep fryer, but no mats were ever obtained. Instead, Mr. Olsen would often respond that he had contacted maintenance about the problems, but the conditions were not fixed. Finally, plaintiff claims that Officer Frida was deliberately indifferent to his safety because he ordered him to change the deep fryer oil despite knowing that the oil was still hot as they had just finished cooking, there were no mats around the fryer to prevent slipping, and the request to use smaller mixing bowls was inherently dangerous.

(D.E. 13, at 3-4).

In opposition to defendants' summary judgment motion, plaintiff provided no evidence that he ever filed a grievance identifying any of the three defendants in this lawsuit or alleging that the working conditions or procedures at FCI-Three Rivers violated his constitutional rights. (D.E. 41, at 13-14). For example, in his November 22, 2010 attempt at an informal resolution, he wrote "<u>I am complaining because I am not getting the adequate or proper medical care</u> in regards to burns I sustained last year at the Three Rivers prison while working in the kitchen. I have extensive scarring, which has left me deformed and disfigured which causes me to suffer pain and anguish." (D.E. 35, Ex. B) (emphasis added). Next, in a BP-9 dated December 7,

2010, he reiterated his complaint with additional emphasis regarding the fact that it concerned his medical care:

> On November 22, 2010, <u>I submitted a complaint because I am not getting adequate or proper medical care</u> in regards to burns I sustained at the Three Rivers prison while working in the kitchen. As a result of the burn injuries which has left me scarred and disfigured, <u>I am suffering mentally and physically because of not being adequately treated medically</u>. The Bureau of Prisons and the medical department are ignoring my serious medical needs.

(D.E. 35, Ex. C) (emphases added). In a BP-10 dated January 24, 2011 filed with the Regional Office, plaintiff again complains about his medical care:

> I am appealing to the Regional Office because the BOP has refused to reply to any of my previous requests (complaints). On November 22, 2010, I submitted a B-P 8 to counselor Mellow, <u>about not getting the adequate medical care</u>.... <u>My complaint is that I am being denied reasonable and adequate medical care</u> in regards to the serious burns over 40% of my body as a result of an unsafe work place in the BOP.
>
> The medical department or the BOP are doing nothing to alleviate or provide me with proper and reasonable medical attention to stop me from suffering the pain and anguish I'm dealing with from the injuries I sustained of the BOP's negligence.

(D.E. 35, Ex. D) (emphases added). In his pending motion, plaintiff still does not challenge the accuracy of these grievances or provide any others to demonstrate that he identified any of the three individual defendants.

Instead, plaintiff cites case law to support his argument that it was not necessary for him to name the defendants in order to properly exhaust his administrative remedies. (D.E. 43, at 4) ("A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim.") (quoting <u>Parzyck v. Prison Health Servs., Inc.</u>, 627 F.3d 1215, 1218 (11th Cir. 2010)); <u>id.</u> at 5 ("Finding that an inmate must 'provide with his grievance all relevant

information reasonably available to him,' but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons.") (citing Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000)).

Plaintiff is correct "that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Johnson, 385 F.3d at 522; accord Jones v. Bock, 549 U.S. 199, 219 (2007) (quoting Johnson, 385 F.3d at 522). Nonetheless, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and ... will often require, as a practical matter, that the prisoner's grievance identify who are connected with the problem." Johnson, 385 F.3d at 522; accord Bisby v. Garza, 342 F. App'x 969, 972 (5th Cir. 2009) (per curiam) (unpublished) (quoting Johnson, 385 F.3d at 522). Consequently, when plaintiff was filing his grievances, "the administrators responding to the grievance would want to know ... who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." Johnson, 385 F.3d at 522; accord Bisby, 342 F. App'x at 972 (quoting Johnson, 385 F.3d at 522).

Plaintiff's grievances complain about the denial of adequate medical care at FCI Beaumont. They do not complain about those running the food services at FCI Three Rivers or the warden overseeing that prison. Plaintiff does not have to name the individual defendants by name in his grievance, but he has to put prison officials on notice that he is claiming they violated his constitutional rights. Moreover, he does not explain why when he was filing his grievances, he would not have been able to provide the name of any of the three defendants. His

grievances failed to do so regarding his claims against any of the three individual defendants because they only reference problems with the denial of medical care at FCI Beaumont.

## V. CONCLUSION

Plaintiff has failed to establish either a legal or factual basis supporting reconsideration of the dismissal of his claims. Accordingly, plaintiff's motion to recall order granting defendants' motion for summary judgment, (D.E. 43), is denied.

ORDERED this 31st day of January 2012.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE